IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                     )
CARNECIA ROBINSON                    )
1320 Congress Street, S.E.           )
Washington, DC  20032,               )
                        Plaintiff,   )
                                     )
v.                                   )
                                     )
DISTRICT OF COLUMBIA                 )
One Judiciary Square                 )
441 Fourth Street, NW                )
Washington, DC  20001,               )
                        Defendant.   )
_____)
```

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

     Plaintiff Carnecia Robinson, on behalf of her minor ward J.R. and through undersigned counsel, for her complaint herein alleges as follows:

**INTRODUCTION**

1.    This is a claim for injunctive relief and declaratory judgment brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a judgment: 1) ordering the Defendant to fund J.R.'s placement at Rock Creek Academy, with transportation; 2) declaring that DCPS denied J.R. a FAPE by failing to provide her with an appropriate placement since the beginning of the 2006-2007 school year; and 3) ordering DCPS to convene a multidisciplinary team meeting within 30 days of her enrollment at Rock Creek Academy, for the purposes of reviewing all of J.R.'s evaluations, revising her individualized education program ("IEP") as appropriate, and developing a compensatory education plan to compensate J.R. for the harm done her by DCPS' failure to provide her with an appropriate placement.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.      The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer denied the Plaintiff all relief.

**PARTIES**

4.      Carnecia Robinson is the adult guardian of J.R., a nine-year-old girl. Ms. Robinson and J.R. reside together in Washington, DC.

5.      The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6.      The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

**FACTS**

7.      J.R. has been attending Friendship Southeast Elementary Academy ("Friendship"), a charter school, since the start of the 2005-2006 school year.

8.      At J.R.'s most recent IEP meeting, the team determined that she is multiply disabled, more specifically, other health impaired (attention deficit hyperactivity disorder), speech and language impaired, and learning disabled.

9.      At an IEP meeting convened on or about August 3, 2006, the team determined that J.R. requires a full-time special education placement.

10. At the August 3, 2006 IEP meeting, the Plaintiff's representative proposed Rock Creek Academy as a placement for J.R.

11. After the August 3, 2006 IEP meeting, Evan Murray, a DCPS employee, determined that DCPS would place J.R. at Prospect Learning Center ("Prospect").

12. Evan Murray did not consult with anyone as part of his decisionmaking process that resulted in his determination that DCPS would place J.R. at Prospect.

13. Evan Murray determined that DCPS would place J.R. at Prospect solely because of her disability classification and the fact that she required a full-time special education placement.

14. At an IEP meeting convened on or about September 13, 2006, the team determined that J.R. needs to be in a class of five to six students.

15. No DCPS representative participated in the discussion of J.R.'s evaluations and needs at the September 13, 2006 IEP meeting.

16. At the September 13, 2006 IEP meeting, DCPS proposed Prospect as the educational placement for J.R.

17. At the September 13, 2006 meeting, the Plaintiff's representative asked the DCPS representatives what the student/teacher ratio would be in J.R.'s class at Prospect; the DCPS representatives did not answer the question.

18. At the September 13, 2006 meeting, the Plaintiff's representative asked the DCPS representatives what were the qualifications of the teacher who would teach J.R. at Prospect; the DCPS representatives did not answer the question.

19. At the September 13, 2006 meeting, the Plaintiff's representative asked the DCPS representatives what were the ages and disability classifications of the other students who

would be in J.R.'s class at Prospect; the DCPS representatives did not answer the question.

20.     At the September 13, 2006 meeting, the IEP team made no determination as to the appropriateness of Prospect as a placement for J.R.

21.     As of the start of the 2006-2007 school year, Prospect had failed to make "adequate yearly progress," as that term is used in No Child Left Behind legislation and regulations, for at least three consecutive years.

22.     On or about November 22, 2006, Sharon Millis, the Plaintiff's representative, visited Prospect to evaluate it as a placement for J.R.; Prospect personnel refused to allow Ms. Millis to observe the class proposed for J.R., or to allow Ms. Millis to meet with the class teacher.

23.     DCPS has never issued to the Plaintiff a "written prior notice," as that term is used in the IDEA, regarding DCPS' proposal of placing J.R. at Prospect.

24.     DCPS has never issued to the Plaintiff a notice containing an explanation of why DCPS proposed placing J.R. at Prospect, and the factors relevant to the proposal.

25.     DCPS has never issued to the Plaintiff a notice containing a description of each evaluation procedure, assessment, record, or report DCPS used as a basis for its proposal to place J.R. at Prospect.

26.     DCPS has never issued to the Plaintiff a notice containing a description of options other than Prospect and the reason why those options were rejected.

27.     On or about September 28, 2006, the Plaintiff filed a due process complaint against DCPS alleging, <u>inter</u> <u>alia</u>, that DCPS had failed to determine an appropriate placement for J.R.

28. DCPS has never served on the Plaintiff a "response," as that term is used in the IDEA, to the September 28, 2006 complaint.

29. Since the filing of the September 28, 2006 complaint, DCPS has never served on the Plaintiff a document containing an explanation of why the agency proposed placing J.R. at Prospect.

30. Since the filing of the September 28, 2006 complaint, DCPS has never served on the Plaintiff a document containing a description of alternatives to Prospect considered by the IEP Team and reasons why those options were rejected.

31. Since the filing of the September 28, 2006 complaint, DCPS has never served on the Plaintiff a document containing a description of each evaluation procedure, assessment, record, or report DCPS used as the basis for its proposal of Prospect as a placement.

32. Since the filing of the September 28, 2006 complaint, DCPS has never served on the Plaintiff a document containing a description of the factors relevant to DCPS' proposal of Prospect.

33. DCPS has not followed legally required procedures in proposing a placement for J.R.

34. In making its placement proposal for J.R., DCPS has never considered the opinion of the Plaintiff and the IEP team.

35. DCPS has not offered an appropriate school placement for J.R.

36. DCPS' failure to provide J.R. with an appropriate educational placement has denied and continues to deny J.R. her right to free appropriate public education ("FAPE") under the IDEA.

37.     As a result of this denial, J.R. has experienced and continues to experience harm to her educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) order DCPS to fund J.R.'s placement at Rock Creek Academy, with transportation;

2) declare that DCPS denied J.R. FAPE by failing to provide her with an appropriate placement since the beginning of the 2006-2007 school year;

3) order DCPS to convene a multidisciplinary team meeting within 30 days of her enrollment at Rock Creek Academy, for the purposes of reviewing all of J.R.'s evaluations, revising her individualized education program ("IEP") as appropriate, and developing a compensatory education plan to compensate J.R. for the harm done her by DCPS' failure to provide her with an appropriate placement;

4) award the Plaintiff attorneys' fees and costs of this action; and

5) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Phone:  (202) 265-4260
Fax:  (202) 265-4264

6

| JS-44 |  |
|---|---|
| (Rev.1/05 DC) | **CIVIL COVER SHEET** |

**I (a) PLAINTIFFS**
Carnecia Robinson

**DEFENDANTS**
District of Columbia

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___1101___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave NW Suite 400
Washington, DC 20009

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00675
Assigned To : Walton, Reggie B.
Assign. Date : 4/13/2007
Description: ROBINSON v. DC

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander

● **C.** *Administrative Agency Review*
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

○ **F.** *Pro Se General Civil*

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

```
Court Name: District of Columbia
Division: 1
Receipt Number: 4616003581
Cashier ID: jellis
Transaction Date: 04/16/2007
Payer Name: TYRKA ASSOCIATES LLC

CIVIL FILING FEE
For: TYRKA ASSOCIATES LLC
Amount:     $350.00

Check/Money Order Num: 1330
Amt Tendered: $350.00

Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

07-0675

Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.
```

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
20 Section USC 1400 et. seq: IDEA case for placement

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 4/13/07  SIGNATURE OF ATTORNEY OF RECORD _____

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.