UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CARNECIA ROBINSON, et al.,** | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 07-675(RBW) |
| **DISTRICT OF COLUMBIA,** | : |
| Defendant. | : |

## DEFENDANT'S ANSWER TO COMPLAINT

(Paragraph numbers below correspond to the paragraph numbers in the complaint.)

1. Sentence one is a characterization of the action to which no response is required. If a response is required, then the same is denied. Sentence two is a description of the pleader's prayer for relief to which no response is required. If a response is required, then the same is denied.

2. Defendants acknowledge the existence of the cited statutes, but deny that the Court has jurisdiction thereunder.

3. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

4. Admitted.

5. Admitted.

6. Admitted.

7. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

8. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

9. Admitted.

10. This allegation is the pleader's recollection of events that occurred at the Individualized Educational Plan ("IEP") meeting to which no response is required. If a response is required, then the same is denied.

11. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

12. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

13. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

14. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006, meeting to which no response is required. If a response is required, then the same is denied.

15. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006, meeting to which no response is required. If a response is required, then the same is denied.

16. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006, meeting to which no response is required. If a response is required, then the same is denied.

17. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006 meeting to which no response is required. If a response is required, then the same is denied.

18. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006 meeting to which no response is required. If a response is required, then the same is denied.

19. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006 meeting to which no response is required. If a response is required, then the same is denied.

20. The meeting notes speak for themselves. This allegation is the pleader's recollection of events that occurred at the September 13, 2006 meeting to which no response is required. If a response is required, then the same is denied.

21. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

22. Defendants lack knowledge and information sufficient to enable them to answer these allegations at this time.

23. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

24. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

25. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

26. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

27. The due process complaint speaks for itself. The remaining allegation is the pleader's interpretation of the complaint to which no response is required. If a response is required, then the same is denied.

28. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

29. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

30. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

31. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

32. Defendants lack knowledge and information sufficient to enable them to answer this allegation at this time.

33. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

34. Denied.

35. Denied.

36. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

37. This allegation is a conclusion of law and/or of the pleader to which no response is required. If a response is required, then the same is denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter.

## FOURTH AFFIRMATIVE DEFENSE

The decision of the hearing officer at issue is supported by substantial evidence, is in accordance with the applicable law, and should be affirmed by this Court as a matter of law.

Respectfully submitted,

LINDA SINGER
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Edward P. Taptich*_____
EDWARD P. TAPTICH (012914)
Chief, Equity Section 2

/s/ *Veronica A. Porter*_____
VERONICA A. PORTER (412273)
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
(202) 727-3625 (facsimile)
veronica2.porter@dc.gov

**August 20, 2007**