UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
:
**CARNECIA ROBINSON,**             :
                                   :
      **Plaintiff,**       :
                                   :
      **v.**              : Civ. Action No. 07-675(RBW)
                                   :
**DISTRICT OF COLUMBIA,**          :
                                   :
      **Defendant.**      :
_____:

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

On April 13, 2007, Plaintiff filed the captioned complaint requesting relief pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1400 et seq. ("IDEIA"). Complaint, ¶1. Defendant filed a motion to dismiss on August 20, 2007, pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff filed an Opposition on September 1, 2007.

### ARGUMENT

In its Motion, the Defendant argued that, based on the face of the complaint herein, the Court was without jurisdiction to further entertain this action. It was shown, first, that IDEIA permitted parties aggrieved by Hearing Officer's Determinations ("HODs") to seek court review of those administrative decisions. However, because the complaint herein, on its face, did not (among other things) assert jurisdiction under IDEIA, did not identify any HOD of which review was in fact being sought, did not assert that the plaintiff was aggrieved by any such ruling, did not identify any particular findings or conclusions within any such HOD that the plaintiff was challenging, and did not in its prayer for relief seek a reversal of any such HOD, the Defendant

argued that no cause of action cognizable under IDEIA had been presented.  Nor did the complaint establish subject matter jurisdiction on any other basis.

Rather, the Defendant argued, the complaint asserted a series of violations of IDEIA by DCPS, and requested – based on even the most deferential reading of the plain words of the complaint – this Court to determine in the first instance that certain actions, or inactions, by DCPS were in violation of its IDEIA responsibilities.  As a consequence, the Defendant contended, all such matters must be addressed first according to the administrative processes prescribed by IDEIA, and to the extent the Plaintiff sought a first consideration of such matters in this Court, she had failed to show an exhaustion of administrative remedies.

The Plaintiff's Opposition devotes itself, not to the adequacy of the complaint, but to what Plaintiff's counsel may have intended (and his similar actions in another case), what the Defendant should have understood the complaint to really mean, and how Defendant's counsel should have assisted Plaintiff's counsel in rectifying the complaint's deficiencies.  The Defendant's arguments are said, among other things, to be "simply ridiculous" (Opp., p. 4), and its reading of the complaint to be "deliberately obtuse" (p. 6); because (presumably) of its baseless nature, the Plaintiff threatens a Rule 11 motion against Defendant's counsel (p. 3 n. 4); and the Plaintiff is at pains to even "correct" the Motion's use of words and citation forms.[1]

---

[1] In this last respect, for example, the Plaintiff lectures that the Defendant has "incorrectly" stated that the complaint was brought under "the Individuals with Disabilities Education Inprovement Act of 2004, the act that amended the Individuals with Disabilities Education Act." Opposition, p. 2 n. 2.  Section 1 of the wholesale 2004 reenactment of the earlier statute states that "[t]his Act may be cited as the 'Individuals with Disabilities Education Improvement Act of 2004.'" 108  Pub. Law 108-446, 118 Stat. 2647 (2004).  However, the Defendant has no objection to the Court or the Plaintiff using whatever abbreviation they prefer.  Judge Lamberth and others in this Court have used IDEIA. E.g., Robinson v. District of Columbia, Civ. No. 06-1253 (D.D.C. Aug. 2, 2007).
    A similarly inconsequential quibble is offered over whether judicial review of HODs should be called is "a civil action" or an "appeal" from an HOD. Opp., p. 7 n. 7. Whatever the wording, the statute extends jurisdiction to this Court only to entertain a challenge to an HOD.

Much of the Opposition's unrestrained rhetoric is purely distraction, and the Defendant will not respond in kind. The issue remains not what Plaintiff's counsel may have intended, but what the complaint contained. The Opposition does not dispute that IDEIA specifically permits only judicial review of HODs by parties aggrieved thereby.[2] The Opposition does not contend that the complaint anywhere asserts that the Plaintiff was aggrieved by an identified HOD, much less does it specify any findings or conclusions in any such administrative decision that are being challenged here. Indeed, even though the recitations of the Opposition cannot alter the complaint, the Opposition itself still does not identify any portions of any HOD said to have been improperly arrived at by an administrative hearing officer. Instead, the Opposition basically contends that the complaint should not be dismissed, not because on its face it adequately expresses a judicially cognizable action, but because the necessary details were "easily available" and the Defendant, if it had researched the matter, could have figured out what the Plaintiff had in mind. Opp,. p. 10.

The Defendant acknowledges the liberal rules of pleading construction. But there is nonetheless a minimum that must be expressed in a complaint in order to establish the Court's jurisdiction. And the Supreme Court's recent decision in <u>Bell Atlantic, Corp., v. Twombly</u>, No. 05-1126, slip op. (May 21, 2007), makes clear that indeed there is a need for a measure of clarity and detail required in complaints. In the Defendant's view, and as explained in its Motion, the

---

[2] The Opposition does, however, make the startling assertion that, even if the complaint "somehow fail[ed] to state an IDEA violation, that fact would not strip this Court of subject matter jurisdiction." Opp., p. 8. The Plaintiff does not explain on what basis this Article III Court *would* have jurisdiction concerning asserted IDEIA violations if not under the IDEIA itself. While certainly a Civil Rights Act Section 1983 violation might be asserted if there were alleged a custom and practice of IDEA statutory violations, no such claim is made here.

In this same regard, the Opposition asserts that, "since the Defendant was clearly aware of the applicable federal laws, and since the Plaintiff's claims arise under those laws in the clearest Constitutional sense of that phrase, 28 U.S.C. § 1331 gives this Court subject matter jurisdiction of the Plaintiff's Complaint: that the District of Columbia Public Schools ("DCPS") violated the IDEA." Opp. p. 4. But in fact, IDEIA does not convey jurisdiction to entertain suits generally asserting that DCPS has violated IDEIA; it establishes jurisdiction to review HODs challenged by aggrieved parties – none of which is reflected in the captioned complaint.

3

complaint herein lacks any of the minimum clarity necessary to withstand dismissal for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Complaint on its face is insufficient and Defendant's Motion should be granted.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District
         of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH (012914)
        Chief, Equity Section 2

        /s/ *Veronica A. Porter*_____
        VERONICA A. PORTER (412273)
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651
        (202) 727-3625 (facsimile)
        veronica2.porter@dc.gov

**September 5, 2007**